UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*********************************************************************

| | | |
|---|---|---|
| WINSTON GREY BRAKEALL, a/k/a Winston Brakeall, | * * * | CIV 18-4056 |
| Plaintiff, | * * | |
| v. | * * | ORDER GRANTING MOTION TO AMEND COMPLAINT |
| DENNIS KAEMINGK, Secretary of Corrections, individual and official capacity; BRENT FLUKE, Director of Prison Operations, individual and official capacity; KRIS KARBERG, individual and official capacity; and REBECCA A. SCHIEFFER, individual and official capacity; | * * * * * * * * * * | |
| Defendants. | * * | |

*********************************************************************

Pending before the Court is Plaintiff Winston Brakeall's ("Brakeall") motion to amend the Complaint, Doc. 28. The motion has been fully briefed by the parties and, for the following reasons, the motion will be granted.

Brakeall requests leave to add a breach of contract claim and request for specific performance of a promise by the South Dakota Department of Corrections to provide inmates with access to counsel and to authorize and pay for counsel to provide them with legal expertise and assistance as part of a settlement agreement executed in 1999 with certain individual inmate litigants. Defendants object on the grounds that the amendment would be futile because: "(1) the Court lacks subject matter jurisdiction to enforce a private settlement agreement; (2) Brakeall is not a third-party beneficiary of the agreement; (3) the settlement agreement has been effectively rescinded; and (4) the agreement is not specifically enforceable under South Dakota law." (Doc. 38.)

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* FED.R.CIV.P. 15(a)(2) ("The court should freely give leave when justice so requires."). A timely motion to amend pleadings should normally be granted under Rule 15(a) absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). A district court appropriately denies the motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted).

Because Brakeall's breach of contract claim is so related to the civil rights claims asserted by him that it forms part of the same case or controversy, it satisfies the requirements for supplemental jurisdiction under 28 U.S.C. § 1367, and this Court will exercise jurisdiction over it.

At this stage the Court is unable to conclude that Brakeall's breach of contract and specific performance claims are futile. What impact the settlement agreement has on Brakeall's claims will be decided at trial. Accordingly,

IT IS ORDERED that the Motion for Leave to Amend, doc. 28, is granted.

Dated this 13th day of November, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, Clerk

By_____
    Deputy

2