UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
******************************************************************************
                                  *
WINSTON GREY BRAKEALL,            *        CIV 18-4056
a/k/a Winston Brakeall,           *
                                  *
          Plaintiff,              *
     v.                           *            ORDER
                                  *
DENNIS KAEMINGK,                  *
Secretary of Corrections,         *
individual and official capacity; *
BRENT FLUKE,                      *
Director of Prison Operations,    *
individual and official capacity; *
KRIS KARBERG,                     *
individual and official capacity; and *
REBECCA A. SCHIEFFER,             *
individual and official capacity; *
                                  *
          Defendants.             *
                                  *
******************************************************************************
```

This case was tried before the Court on November 19 through November 21, 2018. After hearing all of the evidence, the Court asked but did not order the parties to mediate, noting that there are interests beyond what Mr. Brakeall has personally in institutional reforms leading to better access to the courts for inmates in the South Dakota Department of Corrections. (Trial Transcript at 686-89, 706.)

A mediation was held before Magistrate Judge Mark Moreno on April 17, 2019. The Mediator's Report stated, in part:

> After about a seven-hour session, the parties reached an agreement that settled the claims they had against each other and that provided for a dismissal of the case after certain condition precedents were met. It is anticipated that these conditions will be satisfied within the next 30 to 60 days and that a stipulation and order will be submitted to the District Court for its consideration. The parties' agreement was memorialized into a written settlement agreement and release, which was fully executed at the conclusion of the mediation. The signed agreement addressed the issues of cost, expenses, and attorney's fees, but left open the ability of counsel for Plaintiff to apply for additional fees and costs from the attorney admission fund or

> any other fund available to compensate attorneys who accept pro bono appointments in federal court. The settlement does not contemplate the entry of any kind of consent decree or judgment incorporating the agreement. For now, and until the conditions referred to in the agreement have been performed, no action in the case need be taken and it may be held in temporary suspense.

Doc. 66.  After the conditions referred to in the Settlement Agreement were performed, the parties filed a Stipulation for Dismissal, providing:

> Through their counsel of record, the parties stipulate that, based on a Settlement Agreement and Release signed at mediation before Magistrate Judge Mark Moreno on April 17, 2019, this case may be dismissed with prejudice, without further notice or hearing, and without an award of fees under 42 U.S.C. § 1988 or costs to any party.

Doc. 68.

The Court was unaware of the terms of the Settlement Agreement until after three months when it Ordered the production of the Settlement Agreement. (Doc. 67.)  On September 30, 2019 the Court entered an Order rejecting a paragraph of the Settlement Agreement providing that the parties "do not intend that this Agreement will be enforceable in federal court."  (Doc. 69)  Whether or not that is a valid provision is not now before the Court. It was the opinion of the Court that it should address any claimed subsequent breach of the Settlement Agreement because it presided over the trial of the case and is familiar with the facts and the issues. That opinion was based on the Court's practice in some dismissals pursuant to settlement of retaining jurisdiction to enforce settlement agreements and citing *Harris v. Arkansas State Highway & Transp.*, 437 F.3d 749 (8th Cir. 2006).  The parties were directed to submit Findings of Fact and Conclusions of Law, and were allowed to address attorney fees in the proposed Findings.

Defendants' submission on December 9, 2019 included the following Conclusions of Law: 1) that under Federal Rule of Civil Procedure 41(a), parties to a lawsuit are free to settle pending litigation without seeking the court's approval; 2) that in lawsuits between private parties settlement of the dispute is solely in the hands of the parties; 3) that if the parties can agree to terms, they are free to settle the litigation at any time, and the court need not and should not get involved; 4) that this Court lacks authority to reject, in whole or in part, the parties' private settlement agreement; 5) that the PLRA provides that a private settlement may be enforced in state court (citing 18 U.S.C.

2

§ 3626(c)(2)(B)); and 6) that Defendants are entitled to judgment dismissing Plaintiff's complaint with prejudice based on their private settlement agreement. (Doc. 72 at ¶¶ 18-24.)

On December 19, 2019, Plaintiff filed an Application for Attorney's Fees. (Doc. 76.) In response, Defendants objected to Plaintiff's Application in its entirety based on the same arguments set forth above, and asserted again that Defendants are entitled to a judgment dismissing the Complaint with prejudice pursuant to the terms of the Settlement Agreement and Release and joint Stipulation for Dismissal (Doc. 68), which settled the litigation "without an award of costs or fees under 42 U.S.C. § 1988 to any party." (Doc. 79 at ¶¶ 8-9.)  In his reply, Plaintiff did not address Defendants' argument that the Court did not have authority to reject any portion of the Settlement Agreement, and he did not present any argument or evidence showing that the Agreement is anything other than a private settlement agreement under the PLRA. (Doc. 80.) Plaintiff contends that Defendants' intention to seek the return of attorneys' fees already paid to Plaintiff if they are not ordered to pay that amount or a greater sum is evidence that Defendants have repudiated the terms of the Settlement.

Defendants have explained that the settlement in this case is a private settlement and not a consent decree. Plaintiff did not submit any argument or evidence to the contrary. The Eighth Circuit has explained that Congress, in the PLRA, intended to distinguish between consent decrees, which are judicially enforced agreements, and private settlement agreements, which are not judicially enforced. *See Hazen ex rel. LeGear v. Reagen*, 208 F.3d 697, 699 (8th Cir. 2000) (citing *Benjamin v. Jacobson*, 172 F.3d 144, 158 (2d Cir. 1999) (en banc)). The Court concludes that the parties have entered into a private settlement agreement and there has been no showing that the agreement has been repudiated by any party. The Court was not asked to approve the private settlement agreement between the parties.  Although there are instances where court approval of a settlement agreement is required, this case is not one of those exceptions. *See Gardiner v. A.H. Robins Co., Inc*., 747 F.2d 1180, 1189 (8th Cir. 1984) (finding that the parties' settlement was not one that required the court's review and approval as required by statute or rule, such as class actions, shareholder derivative suits, compromise of claims in bankruptcy court or consent decrees).  Accordingly, the Court's Order of September 30, 2019, rejecting the settlement agreement is withdrawn. *See Lovett v. Gen. Motors Corp*., 975 F.2d 518, 522 (8th Cir. 1992) ("When a district court is convinced that it incorrectly decided a legal question in an interlocutory ruling, the district court may correct the decision to avoid later reversal.") (citing *In re Unioil, Inc*., 962 F.2d 988, 993 (10th Cir. 1992)).

3

The parties' Stipulation for Dismissal provided that, based on the Settlement Agreement and Release signed at mediation before Magistrate Judge Moreno, the case may be dismissed with prejudice, without further notice or hearing, and without an award of fees under 42 U.S.C. § 1988 or costs to any party.  The Court will enter a judgment in accordance with that stipulation.

Furthermore, as a result of the September 30, 2019 Order, Plaintiff did subsequently apply for an award of attorney fees. (Doc. 76.)  In view of the withdrawal of the Court's Order of September 30, 2019, that application for attorney fees is denied.  Accordingly,

IT IS ORDERED:

1.      That the Order issued on September 30, 2019, Doc. 69, is withdrawn;

2.      That Plaintiff's Application for Attorney Fees, Doc. 76, is denied; and

3.      That a Judgment will be issued dismissing the case with prejudice, without further notice or hearing, and without an award of fees under 42 U.S.C. § 1988 or costs to any party.

Dated this 3rd day of June, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, Clerk

4